**STATE of Missouri, Respondent,**

v.

**Chavon WIGGINS, Appellant.**

No. ED 83476.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 2004.

Ellen H. Flottman, Columbia, MO, for appellant.

Andrea Kaye Spillars, Jefferson City, MO, for respondent.

Before MARY R. RUSSELL, P.J., WILLIAM H. CRANDALL, JR., J., CLIFFORD H. AHRENS, J.

### ORDER

PER CURIAM.

Chavon Wiggins ("Appellant") appeals his convictions and sentences for first-degree murder, two counts of first-degree assault, one count of first-degree burglary, one count of stealing a motor vehicle, one count of first-degree robbery, and four counts of armed criminal action. After a jury trial, he was sentenced as a prior and persistent offender to life without the possibility of probation or parole for murder, thirty years imprisonment for burglary, fifteen years imprisonment for stealing, and life sentences on the other seven counts. All his sentences are to run consecutively.

Appellant raises three points on appeal. First, he argues the trial court erred in denying his defense counsel's motion to withdraw because there was an irreconcilable conflict between him and counsel such that there was a total breakdown in communication between them. Second, he asserts the trial court erred in overruling his objection to a police officer's testimony regarding the identity of one of the victims because such testimony was impermissible hearsay. Lastly, he argues that the trial court erred in overruling his motion in limine and his objections to a witness's testimony that he had seen Appellant with two handguns a month or two before the charged crimes occurred. He argues this evidence should not have been admitted because it was inadmissible character and propensity evidence.

We have reviewed the briefs of the parties and the record on appeal. We have

reviewed Appellant's first and third points under an abuse of discretion standard and find no error. We have reviewed his second point for plain error only, and we find the trial court did not plainly err. An extended opinion would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

The judgment entered upon the jury's verdict is affirmed pursuant to Rule 30.25(b).